IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States,

        Plaintiff,

   v.

Jermaine Henry,

        Defendant.

Case No. 19 C 8062

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Defendant-Movant Jermaine Henry has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 1.) For the reasons below, the Court denies Henry's motion and dismisses this case.

## Background

On August 29, 2018, Henry was charged in a two-count indictment with violating 18 U.S.C. § 922(g) (Count One) and 21 U.S.C. § 841(a)(1) (Count Two). (Indictment, Case No. 18-cr-525 ("Criminal Case"), ECF No. 1.) In essence, Count One charged that Henry knowingly possessed a firearm "previously having been convicted of a crime punishable by a term of imprisonment exceeding one year." (*Id.*) The indictment did not allege that Henry was aware that he was a convicted felon at the time of the charged offense. (*See id.*)

On February 19, 2019, Henry pleaded guilty to Count One of the indictment and admitted in the plea agreement and during the plea colloquy that he was a convicted felon at the time he possessed the firearm as charged in the indictment. (Criminal Case, ECF No. 23, ECF No. 24 ¶ 6, ECF No. 69 at 8–10.)

According to the presentence investigation report prepared in Henry's federal criminal case, Henry's convictions included a 2016 conviction in the Circuit Court of Cook County for "Aggravated Unlawful Use of a Weapon/No FCCA/FOID," for which he was sentenced to fourteen months' imprisonment. (Criminal Case, ECF No. 25 ¶ 44.) Henry did not challenge that conviction's inclusion in the presentence report. (*See* Criminal Case, ECF Nos. 32, 33.)

On June 21, 2019, the U.S. Supreme Court held in *Rehaif v. United States* that "in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm *and that he knew he belonged to the relevant category of persons barred from possessing a firearm*," such as persons convicted of a crime punishable by imprisonment for over one year. 139 S. Ct. 2191 (2019) (emphasis added).

On July 24, 2019, the Court held its first of two sentencing hearings. (*See* Criminal Case, ECF Nos. 41, 44.) During the hearing, Henry's attorney confirmed that Henry had no corrections or alterations to the presentence report. (Criminal Case, ECF No. 70 at 2.) Henry also signed a plea addendum that day which stated that at the time of the offense reflected in Count One "he knew that he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year." (Criminal Case, ECF No. 48 ¶ 2.) Henry acknowledged in the addendum that "he waives the opportunity to seek to withdraw his guilty plea and to insist that the government return a superseding indictment which alleges that he knew that he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year." (*Id.* ¶ 3.) Henry further acknowledged that he had read and carefully reviewed the addendum with his attorney and understood and voluntarily accepted each and every term and condition of the addendum. (*Id.* ¶ 6.)

Henry's sentencing resumed on September 13, 2019. (Criminal Case, ECF No. 44.) At the hearing, the Court accepted the plea addendum and ultimately sentenced Henry to a term of imprisonment. (Criminal Case, ECF Nos. 45, 68.) The Court also dismissed Count Two on the Government's motion. (*Id.*)

On December 9, 2019, Henry filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Motion, ECF No. 1.) The Government filed a response, and Henry did not file a reply despite being given the opportunity to do so. (*See* ECF Nos. 23, 24.)

## Legal Standard

Section 2255 allows a criminal defendant to obtain relief from a conviction and sentence if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b). A Section 2255 motion may be denied without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. *Id.* Relief is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723, F.3d 870, 878–79 (7th Cir. 2013). When reviewing a Section 2255 motion, the Court must "review evidence and draw all reasonable inferences from it in a light most favorable to the government." *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992) (citations omitted).

3

**Discussion**

**I. Henry's Motion**

Henry briefly claims he is entitled to relief because (1) his counsel was ineffective in not raising *Rehaif* at his sentencing and plea hearings regarding Count One, and (2) he is actually innocent of violating Section 922(g) in light of *Rehaif*. He does not explain these claims further.

By the time the Supreme Court decided *Rehaif*, Henry had pleaded guilty and waived his right to challenge any non-jurisdictional defects like the ones he now raises. Following *Rehaif*, Henry also signed his plea addendum confirming that "he knew that he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year." (Criminal Case, ECF No. 48 ¶ 2.) As Henry himself represented, he made those pleas knowingly and voluntarily, and has not explained how his counsel was ineffective with respect to negotiating the plea addendum or any other matter—Henry therefore lacks grounds to present his *Rehaif* challenge. *See United States v. Dowthard*, 948 F.3d 814, 817 ("The omission of an element from an indictment is not a jurisdictional defect . . . and his guilty plea waived his right to assert that the indictment failed to state an offense."); *United States v. Burgos*, No. 19 C 7305, 2020 WL 2098049, at *3 (N.D. Ill. May 1, 2020) (finding that "Defendant's guilty plea," which acknowledged that "at the time he possessed the gun, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year," among other things, "precludes his claim that he did not know that he belonged to the category of persons barred from possessing a firearm").

Indeed, even now Henry does not argue that at the time he possessed the firearm at issue in Count One he did not know that he had been convicted of a crime with a possible term of imprisonment for over one year. *See United States v. Williams*, 946 F.3d 968, 973–974 (7th Cir.

4

2020) ("[A] defendant must show a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*," but "Williams has not even asserted in his briefs that he would not have pleaded guilty if he had known about *Rehaif*."). Nor could he plausibly claim ignorance given that his actual sentence in his prior state case had been a term of imprisonment exceeding one year. *Floyd v. United States*, No. 19 C 6578, 2020 WL 374695, at *3 (N.D. Ill. Jan. 23, 2020) ("It is inconceivable that Floyd, at the time he possessed the firearm, was unaware of that felony conviction and sentence. Given this, there is no reasonable probability that Floyd would have declined to plead guilty had he known that a § 922(g)(1) conviction required that he know at the relevant time that he had been convicted of such a crime."). Like the defendant in *Williams*, Henry "points to nothing, and we see nothing, in the record from which we can infer that he would have been more likely to throw a 'Hail Mary,' . . . after *Rehaif* than before it." *Williams*, 946 F.3d at 974–75.

    Henry has not responded to the Government's arguments or explained how his counsel provided ineffective assistance, how he is actually innocent, or how he otherwise is entitled to relief. Accordingly, the Court denies Henry's Section 2255 motion.

## II.    Certificate of Appealability

    When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability. Rule 11(a), Rules Governing Section 2254 and 2255 Cases. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make that showing, Henry "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not done so here, so the Court denies a certificate of appealability.

## Conclusion

The Court accordingly denies Henry's Section 2255 motion and denies a certificate of appealability. Case terminated.

SO ORDERED.                                        ENTERED: September 27, 2023

_____
**HON. JORGE ALONSO**
**United States District Judge**
